THE ATTORNEY GENERAL HAS ASKED THAT I RESPOND TO YOUR REQUEST FOR AN INFORMAL OPINION CONCERNING THE FOLLOWING QUESTIONS:
 1. WHETHER MEMBERS OF THE BOARD OF DIRECTORS OF A COUNTY FREE FAIR ASSOCIATION CAN BE APPOINTED BY COUNTY COMMISSIONERS.
 2. WHETHER FUNDS USED BY THE BOARD OF DIRECTORS OF A COUNTY FREE FAIR ASSOCIATION MUST BE AUDITED BY THE STATE AUDITOR AND INSPECTOR.
THE LEGISLATURE HAS PROVIDED ALTERNATIVE MEANS FOR ORGANIZING COUNTY FREE FAIR ASSOCIATIONS. AUTHORITY FOR THESE ASSOCIATIONS IS FOUND AT 2 O.S. 91-103/2 O.S. 104 — 2 O.S. 121; AND 2 O.S. 131.1 — 2 O.S. 131.18 (1991).
THE MEMBERS OF THE COUNTY FREE FAIR ASSOCIATION ESTABLISHED PURSUANT TO 2 O.S. 91 (1991), MUST BE ELECTED AT MASS MEETINGS IN THE TOWNS OR TOWNSHIPS, OR APPOINTED BY THE COUNTY COMMISSIONERS OF THE COUNTY IF THE TOWN OR TOWNSHIPS FAIL TO HOLD SUCH MASS MEETINGS FOR ELECTIONS. 2 O.S. 93 (1991). ONCE THE ASSOCIATION MEMBERS HAVE BEEN ELECTED, 2 O.S. 94 (1991) REQUIRES THAT THE MEMBERS MEET AND PERFECT AR, ORGANIZATION, INCLUDING A BOARD OF DIRECTORS.
UNDER 2 O.S. 94 (1991), THE BOARD OF DIRECTORS MUST BE SELECTED BY THE MEMBERS OF THE ASSOCIATION WHO HAVE BEEN DULY ELECTED AS PREVIOUSLY STATED. THE STATUTES ARE CLEAR THAT EVEN IF ASSOCIATION MEMBERS ARE APPOINTED BY THE COUNTY COMMISSIONERS, THE SELECTION OF THE BOARD OF DIRECTORS MUST BE BY A VOTE OF THE MEMBERS ELECT AND NOT BY THE COUNTY COMMISSIONERS. IF, ON THE OTHER HAND, THE COUNTY FREE FAIR ASSOCIATION IS ESTABLISHED PURSUANT TO 2 O.S. 104(C) (1992) AND ITS APPLICABLE SUBSECTIONS, THE BOARD OF DIRECTORS OF THE ASSOCIATION SHALL CONSIST OF NINE MEMBERS, THREE FROM EACH COUNTY COMMISSIONER'S DISTRICT. TITLE 2 O.S. 104(C) REQUIRES THAT THE DIRECTORS BE ELECTED AT MASS MEETINGS OR CONVENTIONS OF QUALIFIED ELECTORS OF EACH OF THE COMMISSIONERS' DISTRICTS IN SAID COUNTY.
TITLE 2 O.S. 131.1 PROVIDES THAT EITHER OF THE TWO PREVIOUSLY ENUNCIATED COUNTY FREE FAIR ASSOCIATIONS MAY, BY RESOLUTION, CONVERT TO A SIMILAR ASSOCIATION WITH POWERS AND DUTIES AS SET FORTH IN 2 O.S. 131.1 — 2 O.S. 131.18. IF SUCH A RESOLUTION IS PASSED, THE MEMBERS OF THE BOARD OF DIRECTORS OF THE NEWLY CREATED COUNTY FREE FAIR ASSOCIATION MUST BE ELECTED AT ELECTIONS HELD IN EACH COUNTY COMMISSIONER'S DISTRICT.
EXCEPT AS PROVIDED IN 2 O.S. 94, WHICH AUTHORIZES THE COUNTY COMMISSIONERS TO APPOINT THE BOARD UNDER LIMITED CIRCUMSTANCES, THE FOREGOING STATUTES ARE CLEAR THAT MEMBERS OF THE BOARD OF DIRECTORS OF THE COUNTY FREE FAIR ASSOCIATIONS MUST BE ELECTED.
NOTWITHSTANDING THE FOREGOING, 51 O.S. 10(B) (1991), PROVIDES THAT "ALL VACANCIES IN COUNTY OFFICES EXCEPT THE BOARD OF COUNTY COMMISSIONERS SHALL BE FILLED BY APPOINTMENT BY THE BOARD OF COUNTY COMMISSIONERS." THE ISSUE THUS BECOMES WHETHER A MEMBER OF THE BOARD OF DIRECTORS OF A COUNTY FREE FAIR ASSOCIATION IS A "PUBLIC OFFICER" THEREBY FALLING WITHIN THE PURVIEW OF THE ABOVE-REFERENCED STATUTE THIS QUESTION WAS SUCCINCTLY ADDRESSED IN A.G. OPIN. NO. 79-041. CITING FARLEY V. BOARD OF EDUCATION OF CITY OF PERRY, 162 P. 797 (1917) (A PUBLIC OFFICER IS ONE WHOSE DUTIES ARE FIXED BY LAW AND WHO IN THE DISCHARGE OF THE SAME KNOWS NO GUIDE BUT ESTABLISHED LAWS,"), THIS ATTORNEY GENERAL OPINION CONCLUDED THAT A MEMBER OF THE BOARD OF DIRECTORS OF A COUNTY FREE FAIR ASSOCIATION WAS A "PUBLIC OFFICER."
HAVING CONCLUDED THAT A BOARD MEMBER IS A "PUBLIC OFFICER" IT IS CLEAR THAT IF A BOARD SEAT IS VACATED PRIOR TO THE EXPIRATION OF ITS TERM OF OFFICE, THE COUNTY COMMISSIONERS HAVE THE AUTHORITY TO APPOINT A PERSON TO FILL OUT THE TERM OF THAT VACANCY, PROVIDED THAT AT THE END OF THE TERM AN ELECTION MUST BE HELD TO FILL THAT VACANCY (51 O.S. 15 (1991)).
YOUR SECOND QUESTION ASKS WHETHER FUNDS USED BY A COUNTY FREE FAIR ASSOCIATION MUST BE AUDITED BY THE STATE AUDITOR AND INSPECTOR. TO ANSWER THIS QUESTION, REFERENCE MUST BE MADE TO TWO STATUTES. 74 O.S. 212 (1991), READS IN PERTINENT PART:
 "THE STATE AUDITOR AND INSPECTOR SHALL EXAMINE WITHOUT NOTICE, ALL BOOKS AND ACCOUNTS OF THE STATE TREASURER, AND THE BOOKS AND ACCOUNTS OF EACH COUNTY TREASURER OF THE STATE, TWICE EACH YEAR."
AS PREVIOUSLY DISCUSSED, THERE ARE THREE DIFFERENT PROVISIONS UNDER WHICH COUNTY FREE FAIR ASSOCIATIONS MAY BE ESTABLISHED. UNDER EACH PROVISION THE TREASURER OF THE COUNTY IN WHICH THE FREE FAIR ASSOCIATION IS ESTABLISHED IS THE CUSTODIAN OF ALL FUNDS COLLECTED FROM THE TAX LEVIES.
THE COUNTY FREE FAIR ASSOCIATIONS ESTABLISHED PURSUANT TO 2 O.S. 91, AND ITS APPLICABLE STATUTES REQUIRE THE COUNTY TREASURER TO COLLECT AND APPORTION MONEYS FOR THE ASSOCIATIONS AND ISSUE SUCH FUNDS UPON VOUCHERS ISSUED BY THE EXECUTIVE BOARD OF THE COUNTY FREE FAIR ASSOCIATION. 2 O.S. 99 (1991).
SIMILARLY, THE ASSOCIATIONS ESTABLISHED PURSUANT TO 2 O.S. 104(C) AND ITS APPLICABLE STATUTES REQUIRE THE COUNTY TREASURER TO ACT AS A CUSTODIAN OF THE MONIES RECEIVED THROUGH THE TAX LEVIES AND UPON REQUISITION BY THE BOARD OF DIRECTORS OF THE COUNTY FREE FAIR ASSOCIATION, TO PAY OVER TO THE TREASURER OF SUCH BOARD. 2 O.S. 104(G).
FINALLY, IF THE ASSOCIATION IS CONVERTED UNDER 2 O.S. 131.1, AND ITS APPLICABLE STATUTES, IT IS REQUIRED THAT THE COUNTY TREASURER BE THE CUSTODIAN OF ALL FUNDS, AND ALL RECEIPTS. 2 O.S. 131.6 (1991).
AS PREVIOUSLY STATED, 74 O.S. 212 REQUIRES THAT ALL COUNTY TREASURERS BE AUDITED TWICE EACH YEAR. THIS, OF COURSE, WOULD INCLUDE ALL FUNDS HELD BY THE COUNTY TREASURERS AS CUSTODIANS OF FUNDS FOR THE COUNTY FREE FAIR ASSOCIATIONS.
THE SECOND STATUTE THAT MUST BE REVIEWED HERE IS 74 O.S. 212(A), WHICH READS IN PERTINENT PART:
 "ALL PUBLIC ENTITIES RECEIVING PUBLIC FUNDS SHALL CAUSE TO BE PREPARED BY THE STATE AUDITOR AND INSPECTOR OR AN INDEPENDENT LICENSED PUBLIC ACCOUNTANT. OR A CERTIFIED PUBLIC ACCOUNTANT, A FINANCIAL STATEMENT AUDIT IN ACCORDANCE WITH GENERALLY ACCEPTED AUDITING STANDARDS AND GENERALLY ACCEPTED GOVERNMENT AUDITING STANDARDS, AS OF THE END OF EACH FISCAL YEAR. (EMPHASIS ADDED.)"
THIS STATUTE REQUIRES THAT ALL PUBLIC ENTITIES RECEIVING PUBLIC FUNDS BE AUDITED. HOWEVER, THE STATUTE DOES NOT MANDATE THAT SUCH AUDIT BE MADE BY THE STATE AUDITOR AND INSPECTOR.
THE QUESTION THUS BECOMES WHETHER THE FUNDS RECEIVED BY THE FREE FAIR ASSOCIATIONS CONSTITUTE "PUBLIC FUNDS" SO AS TO BRING THEM WITHIN THE AUDIT REQUIREMENTS OF 74 O.S. 212(A).
ALTHOUGH THEY ARE NOT STATE INSTITUTIONS (2 O.S. 104(A)), FREE FAIR ASSOCIATIONS ARE CREATURES OF STATE LAW, HAVING AS THEIR GENESIS STATE STATUTES. MORE IMPORTANTLY, THESE ASSOCIATIONS ARE RECIPIENTS OF TAXES LEVIED BY THE COUNTIES. SEE 2 O.S. 98/2 O.S. 104(E), AND 2 O.S. 131.13. CLEARLY THEN, THESE FUNDS ARE PUBLIC IN NATURE, OLUSTEE CO-OPERATIVE ASSOCIATION V. OKLAHOMA WHEAT UTILIZATION RESEARCH AND MARKET DEVELOPMENT COMMISSION, 391 P.2D 216, 218 (OKLA. 1964), AND THUS SUBJECT TO THE PROVISIONS OF 74 O.S. 212(A), WHICH REQUIRES A FINANCIAL AUDIT. OF COURSE, UNLIKE THE PROVISIONS OF 74 O.S. 212, UNDER 74 O.S. 212(A), IT IS WITHIN THE DISCRETION OF THE ASSOCIATION WHETHER TO USE THE STATE AUDITOR AND INSPECTOR.
IT IS THEREFORE THE OPINION OF THE UNDERSIGNED THAT:
 1) THE BOARD OF DIRECTORS OF THE COUNTY FREE FAIR ASSOCIATIONS MUST BE ELECTED, EXCEPT IN THE INSTANCE DESCRIBED IN 2 O.S. 94. IN ADDITION, AS PUBLIC OFFICERS, MEMBERS OF A BOARD OF DIRECTORS OF A COUNTY FREE FAIR ASSOCIATION ARE SUBJECT TO 51 O.S. 10(B), WHICH ALLOWS COUNTY COMMISSIONERS TO FILL THE UNEXPIRED TERMS OF COUNTY OFFICERS SHOULD THEY BE VACATED PRIOR TO THE EXPIRATION OF THE TERM. EXCEPT FOR THESE LIMITED INSTANCES, OKLAHOMA STATUTES ARE CLEAR THAT MEMBERS OF THE BOARD OF DIRECTORS OF THE COUNTY FREE FAIR ASSOCIATION MUST BE ELECTED; AND
 2) FUNDS USED BY THE COUNTY FREE FAIR ASSOCIATIONS, INSOFAR AS THEY ARE PART OF THE BOOKS AND ACCOUNTS OF THE COUNTY TREASURER, WILL BE SUBJECT TO THE REQUIRED TWICE-A-YEAR EXAMINATION BY THE STATE AUDITOR AND INSPECTOR. IN ADDITION, AS RECEIVERS OF "PUBLIC FUNDS" EACH COUNTY FREE FAIR ASSOCIATION MUST HAVE PREPARED, EACH FISCAL YEAR, AN AUDIT OF ITS FINANCIAL STATEMENTS. THIS AUDIT MAY BE PREPARED BY THE STATE AUDITOR AND INSPECTOR, AN INDEPENDENT LICENSED PUBLIC ACCOUNTANT, OR A CERTIFIED PUBLIC ACCOUNTANT.
(JOSEPH L. MCCORMICK)